```
LAW OFFICE OF
GARO B. GHAZARIAN
State Bar No. 152790
15915 Ventura Blvd., Suite 203
Encino, California 91436
Tel: (818)905-6484
Fax: (818)905-6481


Attorney for Defendant
ARA E. AVETYANTS
```

UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF CALIFORNIA

**(HONORABLE ROGER T. BENITEZ)**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>         Plaintiff,<br>v.<br>ARA E. AVETYANTS, et al.<br>         Defendants. | No. CR 08-1455 BEN<br><br>**DEFENDANT AVETYANTS' REPLY TO THE GOVERNMENT'S OPPOSITION TO DEFENDANT AVETYANTS' MOTION TO SUPPRESS EVIDENCE AND STATEMENTS; DECLARATION OF DEFENDANT AVETYANTS IN SUPPORT THEREOF**<br><br>Date: September 12, 2008<br>Time: 2:00 p.m. |

   Defendant ARA E. AVETYANTS, by and through his counsel of record, GARO B. GHAZARIAN, hereby submits his reply to the Government's opposition to his motion for suppression of evidence and statements.

   This reply is based upon the attached memorandum of points and authorities, declaration of defendant ARA E. AVETYANTS, defendant ARA E. AVETYANTS' motion for suppression of evidence and statements, the Government's opposition to defendant's motion for suppression of evidence and statements, the files and records in this case, and on such further evidence and/or argument as may be presented at hearing on this motion.

1

```
Dated: September 3, 2008        Respectfully submitted,

                                   /s/ Garo Ghazarian
                                GARO B. GHAZARIAN
                                Attorney for Defendant
                                ARA E. AVETYANTS
```

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.**

**INTRODUCTION**

Faced with a scenario that strongly suggests overreaching by its agents, the Government nonetheless insists that its initial stop of the vehicle was lawful; its second stop of the defendant was lawful; and, its search and seizure of the fruits of that search lawful since the defendant gave consent. The Government further contends that defendant AVETYANTS was not in custody for the purposes of Miranda.

The facts before this Court flatly refute the Government's characterization of the encounters as lawful and unobtrusive. Both the first and the second stops were illegal and all evidence obtained as a result must be suppressed.

**II.**

**THE INITIAL STOP OF DEFENDANT AVETYANTS WAS NOT BASED ON ARTICULABLE SUSPICION**

The Government characterizes the initial stop as lawful. However, the stop itself is suspect. Law enforcement must justify the detention with specific articulable facts that create a reasonable suspicion that the person stopped has been, is, or is about to be engaged in criminal activity. United States v. Cortez, (1981) 449 U.S. 411, 417; United States v. Brignoni-Ponce, (1975) 422 U.S. 873, 884. This, the Government has failed to do.

The Government heavily relies on <u>Brignoni-Ponce</u>, <u>supra</u>. It should be noted that the facts of this case are different from <u>Brignoni-Ponce</u>. In <u>Brignoni-Ponce</u>, as part of its regular traffic-checking operations in Southern California, the Border Patrol operated a fixed checkpoint on interstate highway 5 south of San Clamente. On the evening of the night in question, the fixed checkpoint was closed because of inclement weather, but two officers were observing northbound traffic from a patrol car parked at the side of the highway. The road was dark, and they were using the patrol car's headlights to illuminate passing cars. They pursued defendant's car and stopped it because its three occupants appeared to be of Mexican descent. <u>Id</u>. page 875. On certiorari, the court affirmed the judgment of the appellate court which reversed defendant's conviction on grounds of an illegal stop by the border patrol, holding that officers could stop vehicles only if they were aware of specific articulable facts, together with rational inferences from those facts, that reasonably warranted suspicion that the vehicles contained illegal aliens. The apparent Mexican ancestry of the occupants did not furnish reasonable grounds to believe that the three occupants were aliens.

Here, the Government claims that:

1. The location where the car was stopped was in very close proximity to the border.

2. There were multiple occupants in a 2008 BMW 5 series, which is a highly unusual vehicle for this area.

3. The vehicle had no license plates.

4

       4. The behavior of the occupants, throwing items out of the window, particularly documents such as receipts and banking documents.

The above asserted facts by the Government do not rise to the level of reasonable articulable suspicion. The Government improperly relies heavily on Brignoni-Ponce. In the context of border area stops, the reasonableness requirement of the Fourth Amendment demands something more than the broad and unlimited discretion sought by the Government. Roads near the border carry not only aliens seeking to enter the country illegally, but a large volume of legitimate traffic as well. San Diego, with a metropolitan population of 1.4 million, is located near the border. Brignoni-Ponce, supra, at page 882. Here, the Government does not meet its burden of showing that the stop was properly premised upon articulable suspicion.

### III.

### THE SECOND STOP WAS ILLEGAL

Contrary to the Government's next argument, there is no basis for initiating a second detention two hours later, with the subsequent search of the vehicle. Once again, law enforcement had failed to marshal "specific articulable facts" that created a reasonable suspicion that the person stopped had been, is, or is about to be engaged in criminal activity. . United States v. Cortez, (1981) 449 U.S. 411, 417; United States v. Brignoni-Ponce, (1975) 422 U.S. 873, 884.

Turning to the facts of this case, it is defendant AVETYANTS' position that the second detention was not

justified.  The defendant's conduct, being in a park and standing next to the car, yielded nothing suspicious, and did not give rise to any specific articulable facts that he was engaged in criminal activity.

It is noteworthy that the Government seems to engage in fact finding to analyze the efficacy of the second detention. Again, Agent Stallings was present in close proximity of Agent Zoetewey while the latter was conducting the immigration inspection on the defendants.  Agent Stallings had no basis for suspecting the immigration status of the defendants where he was clearly aware that two hours earlier Agent Zoetewey was satisfied with the immigration status of defendant AVETYANTS, and the co-defendants.

Under the facts of this case, no valid and articulable suspicion could have been formed by Agent Stallings.  The general characteristics pertaining to defendant AVETYANTS provide an insufficient basis for a detention.

**IV.**

**THE ABSENSE OF CONSENT MANDATES SUPPRESSION OF THE FRUITS OF THE ILLEGAL SEARCH OF THE VEHICLE**

While a show of physical force certainly demonstrates a show of authority, the absence of such force does not automatically determine whether a reasonable person feels free to leave. United States v. Beraun-Panaez, (9th Cir. 1987) 812 F.2d 578.

Because the detention was illegal, the warrantless search of his car which followed was not supported by probable cause.

6

Defendant AVETYANTS' purported "consent" was vitiated by the oppressive and intimidating atmosphere created by Agent Stallings, which could only lead a reasonable person to believe that he was not free to refuse to have the vehicle searched.

**V.**

**CONCLUSION**

Based on the foregoing, defendant AVETYANTS respectfully requests that this Court order:

1. That the evidence obtained, including the defendant's alleged statements to the Border Patrol Agents at the time of the initial stop as well as the second stop, be suppressed, as the Government cannot meet its burden of showing that the detentions, the questioning of the defendant and subsequent search of the vehicle was lawful;

In the alternative, defendant AVETYANTS respectfully requests that this Court order:

2. An evidentiary hearing, at which time the Government must meet its burden showing that the detention was lawful, and that the alleged consent to the search of the defendant's car was freely and voluntarily given; and

3. That Border Patrol Agent Zoetewey and Agent Stallings appear at the evidentiary hearing for the purpose of providing testimony; and, that the Border Patrol Agents bring with

themselves their Standard Training Manual and all records of in-service training to the hearing.

Dated: September 3, 2008          Respectfully submitted,

                                            /s/ Garo B. Ghazarian
GARO B. GHAZARIAN
Attorney for Defendant
ARA E. AVETYANTS

8